|   |   |   |
|---|---|---|
| MICHAEL FRIEDMANN, | | CASE NO. C25-5070JLR |
| Plaintiff, | | ORDER |
| v. | | |
| BERKSHIRE HATHAWAY GROUP, et al., | | |
| Defendants. | | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff Michael Friedmann's amended complaint. (Am. Compl. (Dkt. # 10).)  For the reasons set forth below, the court DISMISSES Mr. Friedmann's amended complaint, with limited leave to amend.

## II.   BACKGROUND

Mr. Friedmann initiated this action on January 28, 2025, by filing an application for leave to proceed *in forma pauperis* ("IFP").  (IFP Mot. (Dkt. # 1); *see also* 2d IFP

ORDER - 1

1  Mot. (Dkt. # 5) (corrected application).)  On February 10, 2025, United States Magistrate

2  Judge David W. Christel granted Mr. Friedmann's IFP application and recommended that

3  this court review the complaint for failure to state a claim under 28 U.S.C.

4  § 1915(e)(2)(B).  (IFP Order (Dkt. # 6); *see* Compl. (Dkt. # 7).)  On February 17, 2025,

5  the court dismissed Mr. Friedmann's original complaint without prejudice and with leave

6  to amend for failure to establish a basis for this court to assert subject matter jurisdiction

7  over this action.  (*See generally* 2/17/25 Order (Dkt. # 8).)  Mr. Friedmann timely filed an

8  amended complaint on February 24, 2025.  (*See generally* Am. Compl.[1])

9        Mr. Friedmann alleges that in October 2024, Defendants Berkshire Hathaway

10  Group and Biberk ("Defendants") "unlawful[ly] cancel[ed] . . . a professional liability

11  insurance policy issued to Tweethearts Limited" "without proper cause or justification[.]"

12  (Am. Compl. ¶¶ 2, 14-15.)  Mr. Friedmann does not specify his relationship to

13  Tweethearts Limited.  (*See generally id.*)  He asserts that Defendants "redefin[ed] the

14  business operations of Tweethearts Limited without justification, demand[ed] continued

15  payment of premiums after breaching the contract, and engag[ed] in deceptive and unfair

16  trade practices," causing him "substantial financial and reputational harm[.]"  (*Id.* ¶ 2; *see*

17  *also id.* ¶¶ 12-17 (restating these allegations).)  Mr. Friedmann raises claims for violation

18  of the Federal Trade Commission Act, 15 U.S.C. § 45; false advertising in violation of

19  the Lanham Act, 15 U.S.C. § 1125(a); violation of the Dodd-Frank Wall Street Reform

20

21  [1] Mr. Friedmann also filed an amended complaint on February 18, 2025.  (*See* Dkt. # 9.)
Because Mr. Friedmann does not receive electronic service, the court finds it unlikely that he
filed the February 18 complaint in response to the court's February 17 order.  Therefore, the court
22  reviews Mr. Friedmann's February 24 amended complaint in this order.

and Consumer Protection Act ("Dodd-Frank Act"), 12 U.S.C. §§ 5301, et seq.; violation of the Washington Consumer Protection Act ("WCPA"), ch. 19.86 RCW; breach of contract in violation of the Contracts and Due Process Clauses of the United States Constitution; violation of the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015; "violation of the treaty-based jurisdiction" under the Treaty Clause of the United States Constitution; violation of insurance bad faith laws; and violation of the NAIC Model Unfair Trade Practices Act.  (Am. Compl. ¶¶ 18-43.)

### III.   ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a complaint filed IFP "at any time" if it determines (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Because Mr. Friedmann is a *pro se* plaintiff, the court must construe his pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nonetheless, dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and "raise a right to relief above the speculative level."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*; *see* Fed. R. Civ. P.

8(a)(1)-(2) (requiring a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief").

Under Federal Rule of Civil Procedure 15(a), district courts are ordinarily required to "freely give" leave to amend a claim subject to dismissal. Fed. R. Civ. P. 15(a)(2). Leave to amend is not required, however, where amendment would be futile, such as when the pleading could not possibly be cured by further factual allegations. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012); Fed. R. Civ. P. 15.

With these principles in mind, the court reviews Mr. Friedmann's amended complaint pursuant to § 1915(e)(2)(B).

**A.     General Pleading Issues**

As a threshold matter, Mr. Friedmann fails to identify which Defendant—Berkshire Hathaway, Biberk, or both—is responsible for each alleged act. (*See, e.g.*, Am. Compl. ¶¶ 12-17, 19, 21-22 (referring to, but not naming, a singular "Defendant").) As a result, Mr. Friedmann's complaint fails to give each Defendant adequate notice regarding the claims that implicate it. Thus, Mr. Friedmann's complaint is subject to dismissal for failure to satisfy the pleading standards set forth in Rule 8(a). To survive § 1915(e)(2)(B) review, Mr. Friedmann must specify in his second amended complaint which Defendant engaged in each alleged act. The court proceeds to review Mr. Friedmann's asserted claims, beginning with his federal claims.

**B.     Count I:  Violations of the Federal Trade Commission Act, 15 U.S.C. § 45, and the Lanham Act, 15 U.S.C. § 1125(a)**

In Count I, Mr. Friedmann alleges that "Defendant" engaged in unfair and deceptive acts and practices in violation of the Federal Trade Commission Act and the Lanham Act.  (*See* Am. Compl. ¶¶ 18-24.)  The court dismisses both claims.

First, as the court noted in its February 17, 2025 order, Mr. Friedmann cannot state a claim for violation of the Federal Trade Commission Act because that statute provides no private right of action.  (2/17/25 Order at 1-2); *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) (holding that "private litigants may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by s[ection] 5(a)(1)" of the Federal Trade Commission Act).  Because amendment would be futile, the court dismisses Mr. Friedmann's Federal Trade Commission Act claim with prejudice and without further leave to amend.

Second, Mr. Friedmann fails to state a claim for violation of the Lanham Act because he lacks standing to sue under that provision.  "[I]n order to satisfy standing [on a Lanham Act false advertising claim] the plaintiff must allege commercial injury based upon a misrepresentation about a product, and also that the injury was 'competitive,' i.e., harmful to the plaintiff's ability to *compete with the defendant*."  *Barrus v. Sylvania*, 55 F.3d 468, 470 (9th Cir. 1995) (affirming dismissal of plaintiffs' false advertising claim for lack of standing (emphasis added)).  Mr. Friedmann alleges that "Defendant engaged in unfair and deceptive acts and practices" by misrepresenting the terms of the insurance policy, demanding premiums after cancelling the policy, and failing to act in good faith.

(Am. Compl. ¶ 19.)  He does not, however, allege that he suffered a commercial injury that harmed his ability to compete with Defendants—nor could he without fundamentally changing the nature of his case.  (*See generally id.*)  Therefore, the court dismisses Mr. Friedmann's Lanham Act claim with prejudice and without leave to amend.

C.   **Count II:  Violation of the Dodd-Frank Act**

In Count II, Mr. Friedmann alleges that under the Dodd-Frank Act and 12 U.S.C. § 5531, "the Consumer Financial Protection Bureau (CFPB) has authority to prevent unfair, deceptive, or abusive acts in consumer financial products and services, including insurance policies issued as part of financial transactions" and that Defendant's conduct "involved deceptive insurance practices, wrongful cancellations, and bad faith dealings[.]"  (Am. Compl. ¶¶ 25-27.)  Section 5531, however, is a provision of the Consumer Financial Protection Act, which "does not provide for a private right of action."  *Williams v. Lobel Fin. Corp.*, 673 F. Supp. 3d 1101, 1106 (C.D. Cal. 2023).  Because amendment would be futile, the court dismisses Mr. Friedmann's claim for violation of the Dodd-Frank Act with prejudice and without leave to amend.

D.   **Count IV:  Breach of Contract in Violation of the Contracts and Due Process Clauses**

In Count IV, Mr. Friedmann alleges that Defendant's conduct "amounts to state interference with contractual obligations" in violation of the Contracts Clause of the United States Constitution.  (Am. Compl. ¶¶ 31-36.)  The Contracts Clause, however, "restricts the power of *States* to disrupt contractual arrangements."  *Sveen v. Melin*, 584 U.S. 811, 818 (2018) (citing U.S. Const., Art. I § 10, cl. 1) (emphasis added)).  It does not

regulate the conduct of private entities. Similarly, the Due Process Clause regulates only governmental conduct. *See Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) (noting that a "threshold requirement of any constitutional claim is the presence of state action"). Because neither Defendant is a state actor, the court dismisses Mr. Friedmann's claim for breach of contract in violation of the Contracts Clause and Due Process Clause with prejudice and without leave to amend.

**E.     Count V:  Violation of the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015**

In Count V, Mr. Friedmann alleges that "[i]f Plaintiff argues that Defendant engaged in deceptive insurance practices, violating federal regulations governing the insurance industry, there could be a claim that the conduct is subject to federal oversight." (Am. Compl. ¶ 37.) The McCarran-Ferguson Act "precludes application of a federal statute in face of state law 'enacted . . . for the purpose of regulating the business of insurance,' if the federal measure does not 'specifically relat[e] to the business of insurance,' and would 'invalidate, impair, or supersede' the State's law." *Humana Inc. v. Forsyth*, 525 U.S. 299, 307 (1999) (quoting 15 U.S.C. § 1012(b)). The court is unaware of any private right of action arising under the McCarran-Ferguson Act, let alone one that would support a claim by an insured against his insurer. Therefore, the court dismisses Mr. Friedmann's claim for violation of the McCarran-Ferguson Act with prejudice and without leave to amend.

**F.     Count VI:  "Violation of the Treaty-Based Jurisdiction"**

In Count VI, Mr. Friedmann alleges that "Defendant's actions amount to an expropriation or violation of fair and equitable treatment standards under an applicable

bilateral investment treaty" because "Tweethearts Limited is a foreign entity from a country with an investment treaty with the U.S. (e.g., U.K)." (Am. Compl. ¶ 38.) A treaty is a contract between nations, *BG Grp., PLC v. Republic of Argentina*, 572 U.S. 25, 37 (2014), and the court is unaware of any authority supporting a claim for "violation of the treaty-based jurisdiction." Furthermore, Mr. Friedmann does not identify the treaty at issue, the terms of the treaty Defendants allegedly breached, or the provisions, if any, that would allow him to sue Defendants for cancelling an insurance policy. (*See generally* Am. Compl.). Because no amendment could cure these deficiencies, the court dismisses Mr. Friedmann's claim with prejudice and without leave to amend.

**G.    Count VIII: Violation of the NAIC Model Unfair Trade Practices Act**

In Count VIII, Mr. Friedmann alleges that "Defendant engaged in unfair trade practices" in violation of the National Association of Insurance Commissioners' ("NAIC") Model Unfair Trade Practices Act. (Am. Compl. ¶¶ 42-43.) Model legislation, however, cannot form the basis of a legal claim. Therefore, the court dismisses this claim with prejudice and without leave to amend.

**H.    Count III: Violation of the WCPA, and Count VII: Violation of Insurance Bad Faith Laws**

In Counts III and VII, Mr. Friedmann alleges state-law claims for violations of the WCPA and insurance bad faith laws (presumably, the Washington Insurance Fair Conduct Act, RCW 48.30.015). (Am. Compl. ¶¶ 28-30, 39-41.) The court dismisses these claims for lack of subject matter jurisdiction.

Mr. Friedmann asserts that the court has federal question subject matter jurisdiction based on the statutes discussed above. (Am. Compl. ¶¶ 3-7); 28 U.S.C. § 1331 (federal question subject matter jurisdiction exists when a plaintiff's claim arises under the Constitution, laws, or treaties of the United States); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[A] federal question [must be] presented on the face of the plaintiff's properly pleaded complaint."). As discussed above, however, none of Mr. Friedmann's federal claims are viable. Thus, to survive dismissal, Mr. Friedmann must show that the court has diversity jurisdiction over this case.

To establish diversity subject matter jurisdiction, Mr. Friedmann must plausibly allege that "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(1)-(2); *see also id.* § 1332(c) (governing citizenship of corporations). Although he alleges that his damages exceed $75,000 and that he is a resident of Washington State (Am. Compl. ¶¶ 9-10), Mr. Friedmann does not allege the citizenship of either Berkshire Hathaway or Biberk (*see id.* ¶ 11 (alleging that Berkshire Hathaway "is a multinational conglomerate" that "conducts business nationwide, including in this district" and saying nothing about Biberk)). Mr. Friedmann also asserts that the court has diversity jurisdiction "[i]f Tweethearts Limited is incorporated in a different state or country than Berkshire Hathaway Group," but Tweethearts Limited is not a party in this action. (Am. Compl. ¶ 8; *see generally id.*) Therefore, the court lacks diversity subject matter jurisdiction over Mr. Friedmann's state-law claims for violation

of the WCPA and insurance bad faith laws and dismisses these claims without prejudice and with leave to amend.

### IV.   CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Friedmann's amended complaint (Dkt. # 10) on § 1915(e)(2)(B) review with limited leave to amend:

1. Mr. Friedmann's claims for violations of the Federal Trade Commission Act, the Lanham Act, the Dodd-Frank Act, the Contracts and Due Process Clauses of the United States Constitution, the McCarran-Ferguson Act, "treaty-based jurisdiction," and the NAIC Model Unfair Trade Practices Act are DISMISSED with prejudice and without leave to amend.

2. Mr. Friedmann's state-law claims for violation of the WCPA and insurance bad-faith laws are DISMISSED without prejudice for lack of subject matter jurisdiction, and with leave to amend.

3. Mr. Friedmann may file a second amended complaint that plausibly alleges a basis for the court's subject matter jurisdiction and that clearly specifies which Defendant or Defendants engaged in each alleged act by no later than **April 22, 2025**. Failure to file a timely second amended complaint that cures these deficiencies will result in the dismissal of Mr. Friedmann's complaint without further leave to amend.

Dated this 24th day of March, 2025.

JAMES L. ROBART
United States District Judge